The writ of false judgment and the writ of recordari are not the same. When a recordari is moved for, I think we have power to refuse it. Sicadjournatur.
NOTE 1 BY REPORTER. — The case of Brickell v. Byrd'sAdministrators, which was a suit before a justice of the peace, who had given judgment, removed into the Superior Court of Halifax by a writ of recordari, was brought on and argued in April Term, 1797, but not decided, owing to a difference in opinion between WILLIAMS, MACAY, JJ. Whyte, for the defendant, moved for an issue to be made up, and the cause to be tried by a jury. E contra, it was argued that the different modes of bringing up proceedings from inferior courts not of record arepone, recordari, false judgment, and accedas ad curiam. 3 Bl. Com., 34, 37, 149. The two latter being the same in their object to review the matter in law. Fitz. Nat. Br., 38 A. and D. The two former also to try the matter of fact. Fitz. Nat. Br., 160, 162. Both issue to courts not of record. Their difference results from the different modes of commencing by writ, the recordari loquelam being appropriated to the removal of proceedings commencing without writ. In either case the Superior Court proceeds on theplaint, not on the pone or recordari (Fitz. Nat. Br., 160. Note a), and either plaintiff or defendant may remove the proceedings by these writs for good cause; but then these writs always issue before judgment. A recordari will not lie after judgment, for the purpose of a new trial. And as the writ in the present case was issued after judgment, there can be no trial of the facts upon it. Econtra: Writs of false judgment and of error are for the same ends, to revise erroneous judgments, the first lying to a court not of (470) record, the other lying to a court of record. So, also, the writs of recordari and of certiorari are for the same end, to have a trial de novo, the former lying to courts not of record, the latter to courts of record only. Fitz. Nat. Br., 164; 1 Bac. Ab., 559. Then the doctrine of our courts respecting the certiorari all apply torecordaris. The object of each is rendered a little different here from what it is in England. There the certiorari is used almost always for taking up proceedings before judgment: here, most commonly after. Why not also apply the recordari to the purposes of new trials after judgment, as well as the certiorari? If it be said the writ of recordari and false judgment are the same, then there are some writs to bring up proceedings for error in law, none to rectify errors in fact; there will be no means of getting redress in cases of *Page 377 
improper decisions before justices of the peace, even in such cases, where the justice is a party, the statute of gaming is pleaded, or the like, which justices ought not to try; or where the party is unable to get sureties for an appeal; and besides all this, this is an attempt to overturn a proceeding which has been constantly used for six or seven years, now last past. WILLIAMS, J., said there might be a new trial after the proceedings were removed by a recordari, if justice required it. MACAY, J.: There can not. Sic adjournatur.
NOTE 2 BY REPORTER. — The writ of pone is to remove aplaint commenced by writ in the county court, which is a court not of record, into the Superior Court, when it is apprehended a fair trial will not be had in the court below; and when it is removed by the defendant the cause is put in the writ. When the plaint is in the county court without writ, and is to be removed, a recordari, properly so termed, issues, commanding the sheriff to record the plaint, and return it. Here, also, the defendant must assign cause. If the plaint be not in the sheriff's court, but in some other inferior court not of record, then theaccedas ad curiam issues, commanding the sheriff that he go to the court and cause the plaint to be recorded and returned. All these writs, when issued before judgment, are for the same purpose — to have a fair trial in the Superior court; but they have different names, for reasons peculiar to each. Where the plaint commences by writ, and is already in writing, the sheriff has nothing to do but to bring (or put) it into the court above; and therefore he is not commanded to record. When theplaint is not by writ, but is already in a court where he presides, he need not go to another court to record it; and, therefore, he is commanded simply to record and return it. But when the plaint is without writ, and in another court where he does not preside, then he must go to the court and record it. Each writ takes its denomination from the principal act or acts the sheriff has to do, but the proceedings in all of them are exactly the same, when once removed before judgment. The parties proceed to a trial of the facts. If the complaint be of a false judgment rendered in the court below, then a writ of false judgment issues, commanding the sheriff to go to the court below and record the plaint, etc., if in a court where he did not preside or simply to record the plaint
if in a court where he does preside; so that, in fact, the recordari
and accedas ad curiam is the first process in the writ of false judgment. The recordari is not the commencement of any specific suit, but is a process common to several cases, like a capias in other suits, and is used indifferently for the purpose of bringing up proceedings, either before or after judgment, and either for the purpose of having a trial on the facts or for examining whether there is error in the judgment in order to its removal. The only use of the recordari (either that properly so termed or of the accedas ad curiam recordari is to bring the proceedings into court, in the same manner as the only use of the (471)certiorari is to bring the record into court; and as the certiorari
has been used by our courts for one more purpose than it was used in the English courts, owing to the peculiar situation and construction of our courts, namely, for the purpose of obtaining a new trial in the court above and as there is the same reason and necessity for carrying the recordari
one step further, also, to prevent a defect of justice, it may be concluded that the recordari may be as well converted to that use as the certiorari. Why shall it be said we will extend the certiorari to other uses than it was formerly employed for, and not the recordari, when the reason and necessity for so extending it is equally urgent in the latter as in the former case? If the justice refuse the party his appeal, or if the party is injured and *Page 378 
cannot find sureties for his appeal, or if he offers sureties and they are rejected upon pretense of insufficiency, or if the justice is a party concerned, or acts otherwise corruptly, oppressively, or injuriously to the party, he can have no redress whatever unless this writ is allowed to lie for the purposes contended for by Byrd's counsel.